IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JESSE McNEELEY, )  | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:14-CV-1700 |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

OPINION AND ORDER

This matter is before the Court on the Amended Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Jesse McNeeley on July 31, 2014. For the reasons set forth below the petition is **DENIED**.

BACKGROUND

McNeeley was found guilty by the Disciplinary Hearing Body (DHB) at the Westville Correctional Facility of possessing a controlled substance in violation of B-202 on October 2, 2012. As a result of that hearing (WCC 12-09-348), he was deprived of 50 days earned credit time and demoted to Credit Class 2.

DISCUSSION

McNeeley argues that the DHB considered drug test results which were classified confidential and not shown to him. The Conduct Report (DE 5 at 8) does not indicate that any drug test results were considered. The reason given for finding him guilty

was solely based on the conduct report. Therefore, the drug test results are irrelevant to this case.[1] Nevertheless, even if the DHB had based its decision on a confidential report, McNeeley could not obtain habeas corpus relief because "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . .." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Moreover, the Screening Report (DE 5 at 10) indicates that McNeeley did not request the drug test results or any other evidence.

McNeeley argues that there was no evidence that he possessed a controlled substance. In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison

---

[1] McNeeley also objects that prison officials, rather than the hearing officer, decided that the test results were confidential. However, even if the test results had been considered, it would be irrelevant if their classification was a violation of a prison rule because "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

> disciplinary board's decision to revoke good time credits has some factual basis.

*Id.* (quotations marks and citation omitted). Even a conduct report alone can provide evidence sufficient to support the finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, the DHB relied solely on the Conduct Report which stated:

> On the day of 9-12-12 approx. time 11:10 AM, I Ofc. A. Parham, watch offender McNeeley, Jesses 159364 run into the bathroom area. He was attempting to hide 4 small green leafy substance wrap up in paper, inside his pant pocket. Evidence turn in to I.A.

DE 5 at 12. To satisfy due process, there need only be "some evidence" in the record to support the disciplinary decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). "This is a lenient standard, requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (citations and quotation marks omitted). Here, it was not unreasonable for the DHB to have believed the officer's eye witness report that he saw McNeeley attempting to hide four small bags which contained a green leafy substance. So too, it was not unreasonable for the DHB to have inferred that the green leafy substances which McNeeley was attempting to hide were a controlled substance. This is more than sufficient evidence of McNeeley's guilt in this case. *Cf. Superintendent v. Hill*, 472 U.S. 445, 456-57 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him) and *Hamilton v. O'Leary*, 976 F.2d

3

341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action).

Finally, McNeeley argues that he was not properly and timely notified of the Superintendent's denial of his appeal of the DHB's findings. However, the violation of a prison's rules is not a basis for habeas corpus relief. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Moreover, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). *Wolff* identified rights related to the disciplinary hearing itself, but it did not provide for any procedural rights on appeal, nor even for a right to appeal at all. The Seventh Circuit has explained that *Wolff* set the limits of due process in prison disciplinary cases and they should not be expanded. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) ("*Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns . . . not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners.") Therefore McNeeley has not presented any basis for habeas corpus relief.

CONCLUSION

For the reasons set forth above, the petition is **DENIED**.


DATED: August 27, 2014                    /s/RUDY LOZANO, Judge
                                          United State District Court